EXHIBIT D
Page 287

# EXHIBIT D

EXHIBIT D
Page 287

ELECTRONICALLY RECEIVED
Superior Court of California,
County of San Diego
09/08/2021 at 11:48:25 AM
Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk

FILED
Clerk of the Superior Court
SEP 09 2021
By: R. Willis

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| UC POWAY POST HOLDER, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>POWAY PROPERTY, LP, a Delaware limited partnership, DAVID HALL, an individual, TRENT CLAUGHTON, an individual, MARCO DEDOMINICIS, an individual, and DENNY CHOW, an individual, and Does 1 through 25, inclusive,<br><br>Defendants. | Case No.:37-2021-00036903-CU-BC-CTL<br><br>[~~PROPOSED~~] ORDER APPOINTING RECEIVER<br><br>Date: September 9, 2021<br>Time: 8:30 a.m.<br>Dept.: C-72<br>Judge: Hon. Timothy Taylor<br><br>Case Filed: August 27, 2021 |

On September 9, 2021, plaintiff UC Poway Post Holder, LLC's ("Plaintiff") *Ex Parte* Application for Appointment of Receiver came on for hearing before the Honorable Timothy Taylor in the above-captioned Court. The Court, having reviewed the Application, all pleadings and documentary evidence in the Court's file, the oral argument of the parties and their counsel, and the testimony presented to the Court, finds and orders as follows:

Under C.C.P. § 564(b)(9), the Court is empowered to appoint a receiver "where necessary to preserve the property or rights of any party." The burden is on the moving party to establish the statutory grounds for appointment of a receiver. The Court finds that Plaintiff has met its burden and has established a statutory basis for the appointment of a receiver under C.C.P. § 564(b)(9).

**IT IS HEREBY ORDERED** that Douglas P. Wilson (the "Receiver") is appointed as receiver to take possession, custody, and control of the Receivership Property, as defined herein, and to protect the Receivership Property. The Receiver shall have all the usual and customary powers of a receiver to take control of and preserve the Receivership Property, in addition to the duties and powers enumerated in this Order.

**IT IS FURTHER ORDRED** that:

1. **Plaintiff's *Ex Parte* Bond.** Plaintiff shall immediately file an applicant's bond under C.C.P. § 566(b) in the amount of $10,000.

2. **Receivership Property.** Includes the following: Real property commonly known as 13247 Poway Road, Poway, CA 92064, APN: 317-473-20, together with improvements thereon, all permits, plans (including all architectural, building, electrical, plumbing and landscape plans), entitlements and certificates pending, prepared, or issued in connection with the Property, all books and records of the Defendants (as defined herein) (including electronic books and records) and all revenues, profits and proceeds thereof (collectively, the "Property").

1

3. **Receiver's Oath and Bond.** Before performing his duties, the Receiver shall execute a receiver's oath and file a bond in the sum of $10,000, conditioned upon the faithful performance of the Receiver's duties. The bond shall be from a surety approved by the Court and shall be filed in this Court no later than September 23, 2021.

4. **Receiver's Duties and Powers.** The Receiver shall be vested with the authority to do each and all of the following:

   a. Take possession, custody, and control of the Property, wherever located;

   b. Protect, care for, and preserve the Property and incur the expenses necessary for such care, preservation and maintenance of the Property;

   c. Maintain or obtain any certificates, licenses, entitlements, or permits that the Receiver reasonably believes necessary to maintain or increase the value of the Property, and for the completion, marketing, and sale of the Property;

   d. Maintain, obtain, and/or review any certificates, licenses, entitlements, or permits that the Receiver reasonably believes necessary to maintain or increase the value of the Real Property, and for the stabilization, completion, marketing, and sale of the Property;

   e. Maintain, obtain, and/or review all construction and engineering documents, including but not limited to all engineering reports, architectural drawings, pay applications, and project accounting from owners, general contractors, architects, engineers of record, and sub-contractors;

   f. Engage on behalf of the Property with the permitting agency and/or all agencies having jurisdiction;

   g. Review all plans, current and former, and all entitlement and permit conditions;

   h. Review existing dewatering conditions, situations, and/or recommendations;

   i. Review foundation and structural conditions, situations, and/or

1 | recommendations;
2 |   j. Review Title Report and all associated property encumbrances and
3 | liens;
4 |   k. Engage Architects, Contractors, Engineers, and/or any other
5 | necessary consultant team at Receiver's sole discretion;
6 |   l. Work with necessary professionals to develop and implement a
7 | plan to stabilize the property, addressing dewatering, foundation, and structural issues;
8 |   m. Report to the Court if there are any safety concerns with the
9 | Property;
10 |   n. To the extent funds are available to do so, complete the
11 | construction of the project and obtain the final Certificate of Occupancy;
12 |   o. Maintain or obtain and pay for any insurance that the Receiver
13 | reasonably believes necessary for the completion, marketing, and sale of the Property;
14 | and
15 |   p. Subject to further order of the Court providing for the sale of the
16 | Property, collect all issues, profits, and income resulting from the sale of the Property.

17 |  5. **Management and Liquidation of the Property.**
18 |   a. The Receiver shall manage the Property and may employ agents,
19 | clerks, contractors, or other professionals needed to protect or complete the construction
20 | of the Property, to obtain any necessary permits and sign-off of all open permits, to
21 | obtain Certificates of Occupancy, to engage a broker to market the Property, and with
22 | the Court's further approval, to do all things appropriate and necessary to sell the
23 | Property. No risk, obligation, or expense so incurred shall be the personal risk or
24 | obligation of the Receiver, but shall be the risk, obligation, and expense of the
25 | Receivership estate established herein.
26 |   b. The Receiver may hire such agents, independent contractors, and
27 | employees as may reasonably be needed to assist the Receiver in managing the Property
28 | (including, without limitation, Douglas Wilson Companies), provided: (i) the amount of

1 | compensation paid to such agents, independent contractors, and employees must be
2 | reasonable and comparable to that charged by similar individuals or companies for
3 | similar services, and (ii) the identity of all such agents, independent contractors and
4 | employees and the amount being paid to them (including the basis of such amounts,
5 | e.g., hourly rates) are fully disclosed to the Court.
6 |          c.     The Receiver may hire independent legal counsel without further
7 | order of the Court, if needed by the Receiver to properly discharge his duties, and may
8 | pay such counsel for their services at rates the Receiver reasonably ascertains to be
9 | reasonable, customary, and appropriate for the nature, extent, and scope of the services
10 | provided.
11 |    6.   **Receiver Certificates.**
12 |          a.     The Receiver may issue Receivership Certificates to obtain funds
13 | necessary to complete the Receiver's duties. At its sole discretion, Plaintiff may
14 | advance funds in exchange for Receivership Certificates, upon agreed-upon terms, to
15 | fund the Receiver's operations.
16 |          b.     Funds loaned to the Receiver pursuant to Receivership Certificates
17 | shall become a first lien on the Property with super priority over all preexisting private
18 | liens and encumbrances, except for federal, state, or county tax liens.
19 |    7.   **Use of Funds.** All monies coming into the Receiver's possession shall
20 | only be expended for the purposes herein authorized, and the balance of funds shall be
21 | held by the Receiver pending further Order of this Court.
22 |    8.   **Receivership Fees and Costs.** The Receiver may charge as interim fees
23 | his standard hourly billing rate, which is currently $475 per hour, plus reimbursement of
24 | costs for the Receiver's services. The Receiver's staff's hourly rates range from $225 to
25 | $350. Pursuant to California Rules of Court Rule 3.1183, objections to each of the
26 | Receiver's statement of account, if any, must be made within ten (10) days of notice of
27 | the statement. If an objection, which shall be made on a line item basis with a statement
28 | of the reason for such objection, is timely filed and served, the specific items objected to

4

1 in such statement of account shall not be paid absent further order of the Court. Failure
2 of a party to object within this ten-day period shall constitute a waiver of that party's
3 objection(s) to the fees for that period. The Receiver's receipt of interim fees is subject
4 to final review and approval by this Court. Where appropriate, the Receiver will have
5 an appropriate staff member handle certain aspects of the Receivership as a cost saving
6 measure. The Receiver is also authorized to employ the services of accountants and
7 attorneys without further Court Order and pay for those services in the amount of the
8 normal fees charged by those professionals.

9. **Monthly Reports and Statements.** The Receiver shall prepare monthly reports that conform with California Rules of Court, Rule 3.1182 and serve monthly statements reflecting the Receiver's fees and administrative expenses, including fees and costs of staff, as well as professionals or others the Court has authorized the Receiver to engage, incurred for each monthly period in the operation and administration of the Property. Upon service of each statement, the Receiver may disburse from estate funds, if any, the amount of each statement. Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a properly noticed interim request for fees, a stipulation of all parties, or in the Receiver's Final Account and Report.

10. **Inventory.** Within thirty (30) days after qualification, the Receiver shall file an inventory of all of the property of which the Receiver has taken possession.

11. **Opening of Bank Accounts.** The Receiver is empowered to establish bank accounts for the deposit of monies collected and received in connection with the Property, at federally insured banking institutions or savings associations located within this state which are not parties to this case. Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver in interest-bearing accounts.

12. **Turnover of Existing Bank Accounts.** All banks and financial

5

1  institutions which hold any accounts that were used for the development and
2  construction of the Property and/or held in the name of defendant Poway Property, LC
3  shall turn over all such funds in any such accounts to the Receiver upon presentation of
4  a copy of this Order, and shall provide copies of any requested records regarding any
5  such accounts to the Receiver.

6      13. **Insurance.** The Receiver shall determine whether, in the Receiver's
7  judgment, there is sufficient insurance coverage for the Property. With respect to any
8  insurance coverage, the Receiver shall be named as an additional insured on the policies
9  for the period that the Receiver shall be in possession of the Property. If the Receiver
10 determines that sufficient insurance coverage does not exist, the Receiver shall
11 immediately notify the parties to this lawsuit and shall, within thirty (30) calendar days,
12 procure such insurance for the Property; provided, however, that if the Receiver does
13 not have sufficient funds to do so, or if Plaintiff will neither purchase such insurance nor
14 lend the Receivership Estate the monies necessary to do so, the Receiver shall seek
15 instructions from the Court with regard to whether insurance shall be obtained and how
16 it is to be paid for. If consistent with existing law, the Receiver shall not be responsible
17 for claims arising from the lack of procurement or inability to obtain insurance.

18     14. **Entry to Property.** The Receiver shall be entitled to engage a locksmith
19 for the purposes of gaining entry to the Property, as well as giving any notices which
20 may be required in performing the Receiver's duties. The Receiver may have locks or
21 security codes changed, or have keys created that will work for the existing locks. The
22 Receiver and his agents shall have the sole and exclusive right to enter the property.

23     15. **Tax Identification.** Defendant shall provide the Receiver with all tax
24 identification numbers utilized in connection with the operation of the Property. The
25 Receiver shall also be entitled to utilize the tax identification numbers during the
26 Receiver's operation of the Property, or at the Receiver's discretion, the Receiver may
27 obtain new tax identification numbers.

28     16. **Mail.** The Receiver is authorized to have all mail addressed to the

6

1 Property forwarded to an address to be designated by the Receiver and is authorized to
2 open and review such mail.

3     17.   **Utility Services and Deposits.** The Receiver is authorized to issue
4 demands, in the name of the receivership estate, upon public utilities which the Receiver
5 determines provide service to the Property and to transfer such services, together with
6 any deposits held by the utility, to the exclusive control of the Receiver.

7     18.   **Unpaid Invoices by Defendant.** The Receiver shall not be responsible
8 for payment of any utility bills, unpaid payroll expenses, real property taxes, or other
9 unpaid invoices for services or utilities incurred by Defendant or for the benefit of the
10 Property prior to the Receiver's taking possession of the Property; provided, however,
11 the Receiver is authorized to pay operating expenses of the Property incurred prior to
12 the date of this Order if such payment is reasonably necessary or beneficial to enable the
13 Receiver to continue to operate the Property as determined by the Receiver in his sole
14 discretion, including, without limitation, the payment of utility bills dated prior to the
15 date of the Order.  In addition, no insurance company shall be allowed to put in place
16 more stringent payment arrangements during the term of the receivership pursuant to
17 this Order.  Any insurance company shall name Receiver and his agents as additional
18 insured on each policy on the property.

19     19.   **Tax Returns.** The Receiver shall have no responsibility for filing federal
20 or state income tax returns or federal or state payroll tax returns and shall not be
21 responsible for paying any unpaid federal and state payroll taxes and expenses of
22 Defendant.  The responsibility for such filings and payments lies exclusively with the
23 Defendant and its agents, employees, and representatives.  Upon request, the Receiver
24 shall furnish Defendant with such accounts, books and records within the Receiver's
25 custody or control as reasonably may be necessary in order for Defendant to complete
26 and file tax returns.

27     20.   **Documents in Receiver's Possession.** The parties to this action shall be
28 entitled to have access to, and make copies of, documents in the Receiver's possession,

7

1 including electronic records.

2     21. **Further Instructions.** The Receiver and the parties to this case may at any time apply to this Court for further or other instructions or Orders and for further powers necessary to enable the Receiver to perform the Receiver's duties.

    22. **Trustee's Sale(s).** Upon receipt by the Receiver of a Trustee's Deed Upon Sale, or notice from Plaintiff that the Defendant has cured the defaults existing under the applicable loan documents (as defined in the Complaint in this matter), or that Plaintiff has accepted a deed in lieu of foreclosure, the Receiver shall turn over possession, custody, and control of the Property to either Plaintiff, the Defendant, or a successful bidder (whichever is appropriate) without further order of this Court. To the extent the Receiver is divested of possession, custody, and control of the Property, and, if consistent with existing law, the Receiver shall thereafter have no liability as to the divested Property. After the Receiver turns over possession, custody, and control of the entire Property, the Receiver shall seek to be discharged by the Court, which may only be accomplished by a court order after a properly noticed motion approving the Receiver's Final Report and Account and any exoneration of the Receiver's Bond.

    23. **Receiver's Final Account and Report.** No later than ninety (90) days after the receivership terminates, the Receiver shall file and serve a motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond. The Receiver shall give notice of such motion to all persons of whom the Receiver is aware who have potential claims against receivership property. The motion to approve the final report and account and for discharge of the Receiver shall contain a declaration or declarations (1) stating what was done during the receivership; (2) certifying the accuracy of the final accounting; (3) stating the basis for the termination of the receivership (such as foreclosure or reinstatement); and (4) stating the basis for an order for the distribution of any surplus or payment of any deficit. In addition, the motion shall contain a summary of the receivership accounting, which shall include (1) the total revenues received; (2) the total expenditures identified and enumerated by major

8

1  categories; (3) the net amount of any surplus or deficit; and (4) evidence of necessary
2  supporting facts.
3     24.  **Bankruptcy – Plaintiff's Duty to Give Notice.** If Defendant files for
4  bankruptcy during the receivership, Plaintiff shall give notice of the bankruptcy case to
5  the Court, to all parties, and to the Receiver.
6     25.  **Bankruptcy – Receiver's Duties.** In the event that a bankruptcy case is
7  filed by Poway Property, LP during the pendency of this Receivership, Defendants must
8  give notice of the filing to this Court, to all parties, and to the Receiver, within 24 hours
9  of the bankruptcy filing, as required by CRC 3.650. Upon receipt of notice that a bankruptcy has been filed which
10 includes as part of the bankruptcy estate the Property, the Receiver shall do the
11 following: (i) immediately contact the Plaintiff, and determine whether Plaintiff
12 intends to move in the Bankruptcy Court for an order for both: (a) relief from the
13 automatic stay or motion to dismiss and (b) relief from the Receiver's obligation to turn
14 over the Property (11 U.S.C. § 543). If the Plaintiff indicates no intention to file such a
15 motion within 10 days, then the Receiver shall immediately turn over the Property (to
16 the trustee in bankruptcy, or if one has not been appointed, then to the Defendant), and
17 otherwise comply with 11 U.S.C. § 543. If the Plaintiff notifies the Receiver of its
18 intention to immediately seek relief from the automatic stay or file a motion to dismiss,
19 then the Receiver is authorized to remain in possession and preserve the Property
20 pending the outcome of those motions pursuant 11 U.S.C. Section 543(a). The
21 Receiver's authority to preserve the Property in such circumstance is limited as follows:
22 (i) the Receiver may continue to collect rents, issues, and profits; (ii) the Receiver may
23 make disbursements, but only those which are necessary to preserve and protect the
24 Property; (iii) the Receiver shall not execute any new leases or other long-term
25 contracts; and (iv) the Receiver shall do nothing that would effect a material change in
26 circumstances of the Property.
27     26.  **Liability of Receiver.** The liability of the Receiver is and shall be limited
28 to the assets of the receivership, and the Receiver shall not be personally liable for any

9

actions taken pursuant to this Order except for his gross negligence or malfeasance. Douglas Wilson Companies shall have not liability for any acts or omissions of the Receiver taken with respect to the Property or pursuant to this Order. No person or entity shall file suit against the Receiver, or take other legal action against the Receiver or the Property, without an order of this Court permitting the suit or action; provided, however, no prior Court order is required to file a motion in this action to enforce the provisions of this Order or any other order of this Court in this action. In any event, no such suit shall be brought against the Receiver personally, but only against the Receivership Estate.

## **PRELIMINARY INJUNCTION**

27. It is further ordered that the Borrower Defendants, and each of them, and their respective members, agents, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for them:

    a. Shall relinquish and turn over possession of the Property, including but not limited to all of its assets, including any cash or bank accounts, to the Receiver forthwith upon his appointment becoming effective;

    b. Shall turn over to the Receiver and direct all other third parties in possession thereof to turn over all keys, security codes, books, records, plans (including architectural, building, electrical, plumbing and landscape plans), permits, certificates, inventory, books of account, ledgers, budgets and all other Property records relating to the Property, wherever located, and in whatever mode maintained, including information contained on computers and any and all software relating thereto as well as all banking records, statements and cancelled checks;

    c. Shall turn over to the Receiver all documents which pertain to all licenses, permits, certificate or government approvals relating to the Property;

    d. Shall immediately advise the Receiver of any taxpayer identification numbers used in connection with the operation of the Property;

10

   e. Shall turn over to the Receiver all contracts involving the receivership property;

   f. Shall immediately advise the Receiver as to the nature and extent of insurance coverage on the receivership property. The parties shall immediately name the Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the receivership property. The parties and their agents and representatives are prohibited from canceling, reducing or modifying any and all insurance coverage currently in existence with respect to the receivership property;

   g. Shall cooperate with and reasonably assist the Receiver with respect to his operation of the receivership property, including but not limited to promptly responding to any inquiry by the Receiver for information;

   h. Shall not directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's control and preservation of the Receivership Property;

   i. Shall not conceal, remove, expend, disburse, transfer, assign, sell, convey, devise, pledge, create a security interest in, encumber, or in any manner whatsoever deal in or dispose of the whole or any party of the Receivership Property;

   j. Shall not withhold any Receivership Property, including any monies, books, property accounting, construction documents, engineering reports or any property records from the Receiver;

   k. Shall not commit or permit any waste of the Receivership Property or any part thereof, or suffer or commit or permit any act on the Receivership Property or any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the property or of the Receivership Property or any part thereof; and

////

////

///

1.       Shall not do any act which will, or which will tend to, impair defeat, divert, prevent, or prejudice the preservation of the Receivership Property.

**IT IS SO ORDERED.**

Dated: 9/9/21

_____
Hon. Timothy Taylor

A review hearing regarding confirmation of the appointment of the receiver is hereby set for 10/1/21, 1:30pm Dept. 72.

12