David L. Speckman, CSB 178180
SPECKMAN LAW FIRM
1350 Columbia Street, Suite 503
San Diego, California 92101
Telephone:  (619)696-5151
Facsimile:  (619) 696-5196
E-Mail:  Speckmanandassociates@gmail.com

[Proposed] Attorney for Debtor and Debtor in Possession
POWAY PROPERTY, LP

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>POWAY PROPERTY, LP<br><br><br><br><br><br>Debtor. | Case No. 21-03654-CL11<br>Chapter 11<br><br>**DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)**<br><br>Dept. 5<br>Judge:  Hon. Christopher B. Latham |

I, Dave Hall, declare as follows:

1.     I am over the age of eighteen. I have personal knowledge of the facts set forth herein and, if called upon to do so, could and would testify competently thereto.

2.     I am a Director and Project Manager for POWAY PROPERTY, LP ("Poway")

3.      I have over 35 years of project management construction experience.

4.      I graduated in 1985 with a Bachelor of Science in engineering from the University of Alberta, Edmonton

5.      I am the Project Manager for the property located at 13247 Poway Road, Poway, California, 92064 (also known as the "Poway Outpost"). The Poway Outpost is a 100,000 square foot mixed use multi-family/retail ground-up construction project with underground parking.  The Poway Outpost was planned for three (not four buildings as Mr. Trotter said).

6.      UC Poway Post Holder, LLC ("Movant") is a private money lender that was to provide financing to Debtor to complete the project. Movant has advanced some but not all funds to be lent to Debtor.  Movant also set up a reserve interest account where it has and continues to maintain funds earmarked for this loan.

7.      In support of its motion to appoint a receiver in the state court lawsuit as well as in this case, Mr. Trotter filed a declaration which contains many false facts and exaggerated negative consequences some of which are contradicted by UC Poway Post Holder, LLC ("Movant") September 7, 2021 evidence from its construction inspector T.B. Penick & Sons, Inc. per Aaron Luecht Project Executive.

8.      There are no utilities connected to the structure as stated by Movant.  A water line has been run to the property line and temporary power is connected to the dewatering pumps.  These pumps are operating 24 hours per day … although as explained below, may not be necessary.

9.      At no time as the City of Poway or any neighbors or citizens of the City of

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR
ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO
BANKRUPTCY CODE SECTION 543(D)

Poway ever expressed concern regarding dewatering or the structural integrity of the project.

10.     Mr. Trotter's site inspection from early 2021 is stale and he misrepresents that the project has been abandoned. The project was delayed due to in the termination of Debtor's general contractor and a change in the mix of retail to residential space … which remains under review with the City of Poway. **(Exhibit "A")**

11.     As stated by Movant's recent on-site inspector and shown in the accompanying pictures from T.B. Penick & Sons, Inc., the site is in good condition and the dewatering system is maintained and operating properly. Attached as **Exhibit "B"** is a true and correct letter from Glotman Simpson U.S. Inc. a structural engineering firm supporting Poway's facts the site is not at risk or in danger, and opposing Movant opposite statements.

12.     Michael Watson (not Michael Wilson) was maintaining the integrity and safety of the site and foundation until his return to Canada for medical reasons. Debtor has contracted Nuera Contracting LLP ("Nuera") to maintain the integrity of the site and foundation safe and secure. See **Exhibit "C"**. The construction site is staffed.

13.     Poway has invested an additional $500,000 into the project since the termination of KD at the beginning of 2021.

14.     Post-petition, $50,000 has been deposited into Debtor's financial account in order to cover operational costs until DIP financing can be arranged. **(Exhibit "D")**. This will ensure no interruption in the staffing and maintenance of the site and fuel for the generators use to operate the pumps.

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

15.     All this information was available to Movant. Additionally, Movant has been offered fully and complete access to the site so that it may inspect the project and ascertain for itself that the site is maintained and there is no risk of any health and safety issue.  This offer to give access remains open.  Movant has not accepted any of these offers to inspect.

16.     Here are some relevant historical facts regarding the development of the project:

a.     Grading started in the fall of 2018.

b.     The first cement poor occurred February 2020, and dewatering started in April 2019.

c.     The General Contractor KD Stahl Inc. ("KD") was responsible for the construction. After Mr. Trotter's visit in Jan 2021, KD was terminated in Feb 2021 for cause and Poway, by sending their construction Superintendent Michael Watson, took over the dewatering to ensure no damage would occur and the site was not at risk.

d.     Poway has monitored dewatering ensuring the pumps work, and there was sufficient fuel to run the generator that powers the pumps.

e.     The pumps have and continue to work properly without interruption.

f.     Mr. Trotter called me, and we discussed how the dewatering issues delayed construction. Once the raft slab was complete, the dewatering system needed to be maintained until the podium was complete, at which time the dewatering system can be removed as stated in the letter from our structural engineer.

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

g.      At no time did Poway or any other person report there was an "underwater river" in the area.  I not believe this to be the case.

17.      Mr. Trotter's statements about an underwater river causing catastrophic damage are simply false. Equally, the comments about underground river and unstable soil are untrue and made solely to advance Movant's goal of taking the project for its own use and profit.

18.      Dewatering during construction of underground structures in San Diego is standard work and all dewatering issues created by KD have been fully resolved. We now simply maintain the dewatering system until the concrete work is complete at which time it can be removed. There are no dewatering concerns that place the foundation at risk let alone subject to catastrophic collapse.

19.      Concrete has been poured to complete the P1 and P2 levels of the parkade structure.  The ground level deck is 20% complete

20.      There is absolutely no risk the existing structure will "float away" and, per the opinion of Debtor's structural engineer, there is no risk whatsoever of a catastrophic collapse.  Indeed, even if the dewatering system fail for whatever reason, the foundation would simply fill with water … it would not float.

21.      The same subsoil conditions Mr. Trotter references were available to UC Funds in a Geotechnical report available to UC Funds before the loan with UC Funds was completed.

22.      Since Mr. Trotter's last visit March 11, 2021, the foundation has never been in jeopardy of collapse. Just the opposite, proper dewatering continues as

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

required to preserve the foundation. The Defendant desires to preserve the foundation to complete this project.

23.    On May 13, 2021 the executive team of the Poway flew to Boston at the Movant's request to meet and work out a plan. The Plaintiff including Dan Palmier, Anna Collins, Cathy Oniffrey, Ross Pemmerl, Greg Trotter attended, and they said they wanted out of the project and that they would be providing a forbearance agreement for our review.  They provided and we declined to execute it. Totally opposite our expectations to continue financing the project.

24.    We were trying to get another $2.5M from Counterpointe, the Pace lender, but UC Funds wouldn't allow that to be placed

25.    KD was responsible for the power cut in the beginning of the year. Debtor very quickly fixed it and resumed the dewatering operation.  This loss of power only affected the pumps that remove water from the interior of the foundation and the perimeter pumps continued to operate properly and remove water from the exterior of the project.

26.    Debtor has not and will not permit the pumps to stop dewatering.

27.    As Mr. Trotter hypothecates without proof:

a.    The existing structure is NOT connected to sanitary sewer lines, water lines, and other utilities, and will not drastically impact and destroy municipal utility systems.  A water line has been run to the property line and a temporary power line run to operate the interior dewatering pumps.

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

b.      As it is impossible for the foundation to float with the holes in the raft slab, there is no risk of damage to adjoining structures, including the funeral home next door or Poway Road. Mr. Trotters exaggerated consequences are very misleading.

28.      Debtor has been in constant communication with the City of Poway, and they have not raised any of the concerns invented by Mr. Trotter.

29.      The water pumps have operated well for over two seasons during rainy seasons and heavy storms without incident.

30.      The site has not deteriorated since March 2021.  In fact, the site is much better maintained and secure than it previously had been with KD.

31.      This construction project is and will continue to be stable while we work through a redesign to reduce the amount of commercial space and increase the amount of residential space, and refinancing.  The redesign will not affect the foundation. The site is being maintained and our architect and professional team are engaged and involved in the redesign and have raised no concern with the current structure or redesign.

32.      Debtor engaged IKG Environmental, a dewatering expert to visit the site and provide their review of the dewatering system.  IKG confirmed that the dewatering system was operating properly.

33.      Pure Effect provides the filtration system and monitors the discharge and provides monthly reports to Poway Property LP to report to the State waterboard. These reports are current and have been submitted monthly.

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

34.     Debtor has been meeting with the City Planning Department, General Manager, the Mayor of Poway and a number of the councilors on ways forward to advance the project.  Given the new realities under Covid it took a little longer to submit a redesign package to reduce the amount of commercial space and increase the amount of residential space It was submitted to the City on August 19, 2021.

35.     The redesign contemplates utilizing the existing foundation, which is now 80% complete.

36.     There is no risk of catastrophic collapse.  There is no significant cracking. There is no spalling.  There is simply nothing to support the unfounded and illogical conclusion of Movant in this regard.

37.     Debtor is in the best position and the most motivated to complete the project and preserve the foundation.  Part of the process of completing the project will be to settle with Movant and lien holders to allow for completion of the project.  Put simply, there is nothing more than could be done that has not already been done. Debtor is in the best position to maintain the site and complete the project; Debtor will gladly cooperate with Movant, the UST or any other interested in party in granting unrestricted access to the site for that Movant (or anyone else) can assess the condition of the project and maintenance of the site.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed September 19, 2021 in Calgary Alberta.

/s/ David Hall
Dave Hall

8

DECLARATION OF DAVID HALL IN SUPPORT OF POWAY PROPERTY, LP'S OPPOSITION TO EMERGENCY MOTION FOR ORDER AUTHORIZING RECEIVER TO REMAIN IN POSSESSION OF ASSETS OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 543(D)

**EXHIBIT "A"**

Case 21-03654-CL11    Filed 09/20/21    Entered 09/20/21 10:49:28    Doc 22    Pg. 10 of 31



# OUTPOST POWAY

## DESIGN UPDATE ENTITLEMENT
### 8/19/2021

13247 POWAY ROAD, POWAY CA 92064





OUTPOST POWAY

13249-13253 POWAY ROAD
POWAY, CA 92064

capexco

A2.01

GENERAL NOTES

SYMBOL LEGEND

KEYNOTE LEGEND

1 LEVEL P2 OVERALL PLAN



OUTPOST POWAY

13249-13253 POWAY ROAD
POWAY, CA 92064

capexco

A2.02

LEVEL P1 OVERALL PLAN

GENERAL NOTES

SYMBOL LEGEND

KEYNOTE LEGEND

(1) LEVEL P1 OVERALL PLAN



OUTPOST POWAY

13249-13283 POWAY ROAD
POWAY, CA 92064

A2.03

GROUND OVERALL FLOOR PLAN



OUTPOST POWAY

13249-13253 POWAY ROAD
POWAY, CA 92064

A2.04





OUTPOST POWAY

A3.00

Case 21-03654-CL11   Filed 09/20/21   Entered 09/20/21 10:49:28   Doc 22   Pg. 18 of 31



1  NORTH ELEVATION

2  EAST ELEVATION

ELEVATION GENERAL NOTES

SYMBOL LEGEND

EXTERIOR FINISH LEGEND

KEYNOTE LEGEND







OUTPOST POWAY

13249-13253 POWAY ROAD
POWAY, CA 92064

A6.04

**EXHIBIT "B"**



September 14, 2021                                                                    Project No. 217424

Capexco
c/o Keywest Projects Ltd.
3500, 888 – 3 Street W.
Calgary, AB T2P 5C5

Attention:     Dave Hall
               Executive Chairman

RE:            **Poway Outpost – 13247 Poway Road, Poway, CA USA**
               **CONCRETE STRUCTURE REVIEW**

Dear Mr. Hall:

Glotman•Simpson US Inc. have been asked to review the structure at Poway Outpost, located at 13247 Poway Road in Poway California, to determine the potential damage to the concrete structure, in the event that the existing dewatering system becomes inoperable. We understand the current condition is that approximately 80% of the concrete structure is complete with several holes in the raft slab where the raker supports were located to support the shoring along the west wall, until the west wall and P1 horizontal slab was complete.

Given the condition described above the structure will fill with water until it meets surround ground water elevations should the dewatering system fail. To date the structure has not filled with water, which indicates that the dewatering system has been maintained and is operating properly.

We should note that the structure is designed for the below grade water table conditions prevalent in the area, as noted in the geotechnical report for the project, so once the entire concrete portion of the building is constructed the dewatering will not be required.

We trust this letter meets your requirements at this time. Please contact the undersigned with any questions or if you require any additional information.



**GLOTMAN•SIMPSON U.S. INC.**

Per:    Micheal John O'Keeffe, SE
        Principal

Vancouver                          Los Angeles
1661 West 5th Avenue               600 Wilshire Blvd., Suite 650
Vancouver, BC   V6J 1N5            Los Angeles, CA   90017
604 734.8822                       213 283.2313

Glotman•Simpson U.S. Inc. | glotmansimpson.com | info@glotmansimpson.com | toll-free: 1 866.214.7549

# EXHIBIT "C"

*Nuera*™ Contracting LP

## Proposal For:

### Maintenance and Preconstruction Services for

# Poway Outpost



## Prepared for:

### Poway Outpost LP

14555 Symons Valley Rd NW
Calgary, AB T3R 1E7

## Submitted 07/01/2021 by:

### *Nuera*™ Contracting, LP

13319 Poway Road,  #111
Poway, CA 92064
858.668.1844


*Nuera™* Contracting LP

July 1, 2021

Poway Outpost, LP
c/o Dave Hall, Executive Chairman
Capexco, Inc.
14555 Symons Valley Rd NW
Calgary, AB T3R 1EZ

This Proposal for Services **("Proposal")** serves to confirm our mutual understanding of certain matters agreed to in principle between **Poway Outpost, LP ("Owner")** and Nuera Contracting LP **("Contractor")** with respect to certain maintenance/pre-construction services as specified by Owner for the Poway Outpost, located at 13247 Poway Rd, Poway, CA 92064 (the **"Project")**. Owner and Contractor are collectively referred to as the "Parties" and individually as a "Party."

1. **SERVICES AND FEES**

   (a) Starting from the first day of July, 2021, (the **"Effective Date"**) until services are terminated in accordance with the terms herein, Contractor shall provide to Owner the maintenance and pre-construction services (the "Services") set out in <u>Exhibit A</u>, which is incorporated herein by reference.

   In consideration of the Initial Services, Owner shall pay Contractor the fees for the Initial Services at the rate(s) agreed to between the Parties and as set out in <u>Exhibit A</u>. Contractor shall submit semi-monthly payment applications to Owner on or around the 1st and 15th of each month, and Owner will make payment to Contractor within fifteen (15) days of the receipt of a properly submitted invoice.

   (b) The Parties agree that Owner shall have the right, upon prior written notice to Contractor to add, reduce, or modify the nature, scope, or duration of the Services, provided that the fees and/or expenses payable by or to Contractor hereunder by reason of such addition, reduction, or modification shall be adjusted accordingly. Notwithstanding the foregoing, any addition to the nature, scope, or duration of the Initial Services to be provided by Contractor shall be subject to the prior written mutual consent of the Parties.

2. **GENERAL**

   (a) **Confidentiality.** This Proposal, the existence or substance of any subsequent discussions with regards to the Project, any confidential information provided by one Party to the other, and all related matters must be kept in the strictest confidence by the Parties. The Parties warrant and agree that they have not made, nor will they make any public announcement, press release, or other communication to any third-party, nor have they, or will they approach, contact or discuss the subject matter of this Proposal with any other third-party, including, but not limited to, the Parties' own customers and suppliers or the customers and suppliers of the other Party, without the prior written consent of the other Party.

   (b) **Governing Law and Costs.** California law governs this Proposal, excluding its conflict of law rules. Each party shall be responsible for its own costs in reviewing this Proposal.

   (c) **Insurance.** Contractor represents that it has its standard insurance policies in place for the Initial Services being performed.

   (d) **Limitation of Liability.** Neither Owner nor Contractor will be responsible to any of the other parties for direct, indirect, consequential, or incidental damages, including loss of profits or other business or economic losses resulting from this Proposal.



**(e) Termination.** This Proposal shall terminate upon Owner or Contractor providing written notice of termination of the Proposal to the other party. If Owner or Contractor gives written notice of termination of this Proposal to the other party, neither party shall have any further obligations hereunder, except as provided in Section 1 (but only with respect to the Owner's payment of the fees incurred in accordance with this Proposal, before the date of termination), 2(a), and 2(d).  Notwithstanding the foregoing, in such case, Contractor shall be paid their fees incurred prior to the date of termination, upon delivery to Owner all services, documentation or other material, whether or not completed, produced as part of, or acquired in respect of, the Project during the term of this Proposal and paid for by Owner.

**(f) Entire Agreement.** The Parties agree that this Proposal (including its exhibits and schedules) contains the entire agreement of the Parties regarding the Project, and that there are no other promises or conditions in any other agreement whether oral or written. Further, this Proposal supersedes any prior written or oral agreements between the parties.

Please indicate your agreement with the foregoing by signing this Proposal and returning an electronic copy of the executed document to wfritz@nueragroup.com.

**POWAY OUTPOST, LP**

Signed: _____

Name: David Hall

Title: Director

**NUERA CONTRACTING LP**

Signed: _____

Digitally signed by Trevor Abney
DN: C=US, E=tabney@nueragroup.com, OU="", O=Nuera Contracting LP, CN=Trevor Abney
Location: Poway, CA
Reason: I am approving this document
Contact Info: 858.668.1844
Date: 2021.09.16 11:03:12-07'00'

Name: _____

Title: _____

*Nuera*™ Contracting LP

## EXHIBIT A

**Maintenance Services:**

1. Provide daily site inspections by qualified construction personnel to ensure proper security and operation of existing structure and systems as outlined herein;
2. Observe dewatering system to ensure consistent and adequate operation. Advise owner of deficiencies and facilitate corrections and/or repairs with own forces or via subcontract if warranted;
3. Observe water treatment plant to ensure consistent and adequate operation. Advise owner of deficiencies and facilitate corrections and/or repairs with own forces or via subcontract if warranted;
4. Provide, monitor and maintain trailer-mounted generator of sufficient capacity to operate perimeter dewatering pumps and water treatment plant. Provide fuel as necessary to keep generator functioning;
5. Monitor and maintain electrical distribution system to perimeter and slab pumps, lighting and other fixtures; and,
6. Maintain perimeter fencings and SWPPP systems to continue compliance with all AHJ requirements.

**Preconstruction Services:**

1. Establish project baseline with Owner and Owner's Lender(s);
2. Discussions with design and engineering consultants regarding design alternatives and constructability;
3. Review of specific material and equipment requirements;
4. Development of overall cost estimates;
5. Review and comment on civil, structural, mechanical, electrical and other consultant drawings, assisting with development of project specifications, including checking accuracy based on familiarity with the project;
6. Review the final designs, taking all reasonable measures to identify potential defects of commission or omission; and,
7. Provide continual evaluation of the project for potential "value engineering" opportunities while updated project cost estimates as needed.

Although the scope of services above is quite detailed and specific, the scope is neither rigid nor all-inclusive. The actual intent of this proposal is to provide a flexible resource to you that can provide services as and when you most need them. As such, we deem these services best provided under an hourly pricing structure, with detailed invoices on a semi-monthly basis. Based on our mutual understanding of services to be rendered, we have prepared an estimate below of anticipated costs to provide service through the end of 2021 when it is anticipated that all design, plan check, permits and financing will be in place for the resumption of building construction.

*Nuera*™ Contracting LP

| Item | Quantity | | Rate | Jul-21 | Aug-21 | Sep-21 | Oct-21 | Nov-21 | Dec-21 |
|---|---|---|---|---|---|---|---|---|---|
| Staffing | | | | | | | | | |
| Site Super | 40 | / week | 85.00 | 14,620.00 | 14,620.00 | 14,620.00 | 14,620.00 | 14,620.00 | 14,620.00 |
| Site Carpenter | 12 | / week | 65.00 | 3,354.00 | 3,354.00 | 3,354.00 | 3,354.00 | 3,354.00 | 3,354.00 |
| Allowance for After Hours Super | 4 | / week | 130.00 | 2,236.00 | 2,236.00 | 2,236.00 | 2,236.00 | 2,236.00 | 2,236.00 |
| Maintenance | | | | | | | | | |
| Temp Fencing | 1 | LS | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Temp Utilities | | | | | | | | | |
| Fuel | 1 | LS | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 |
| Generator | 1 | LS | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 |
| Permanent Utilities (SDG&E) | 1 | LS | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Pump and Hose Repairs | 1 | LS | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| SWPPP | 1 | LS | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Consulting | | | | | | | | | |
| Estimating / Cost Consulting | 20 | / week | 125.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 |
| Plan, Constructability, and Logistics Reviews | 20 | / week | 125.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 | 10,750.00 |
| Document Processing | 4 | / week | 55.00 | 946.00 | 946.00 | 946.00 | 946.00 | 946.00 | 946.00 |
| Plan Check / Permit Expediting | 1 | LS | 2,500.00 | | | | | | 2,500.00 |
| General | | | | | | | | | |
| Administrative | 8 | / week | 55.00 | 1,892.00 | 1,892.00 | 1,892.00 | 1,892.00 | 1,892.00 | 1,892.00 |
| Fee/OH | 20% | | | 11,369.60 | 11,369.60 | 11,369.60 | 11,369.60 | 11,369.60 | 11,869.60 |
| Contingency | 10% | | | 6,821.76 | 6,821.76 | 6,821.76 | 6,821.76 | 6,821.76 | 7,121.76 |
| | | | | | | | | | |
| Total Costs | | | | 75,039.36 | 75,039.36 | 75,039.36 | 75,039.36 | 75,039.36 | 78,339.36 |

**END OF EXHIBIT A**

**EXHIBIT "D"**

**BMO** 🅜

**POWAY PROPERTY LP - 3732096 USD (HARRIS - DDA)**

**Date: Sep 16, 2021**

| Balances | Totals |
|---|---|
| Current Ledger Balance | $3,315.76 |
| Current Available Balance | $3,315.76 |
| 1 Day Float | $0.00 |
| 2 or More Days Float | $0.00 |
| Opening Ledger Balance | $3,315.76 |
| Opening Available Balance | $3,315.76 |
| Investment Opening Position | $0.00 |
| Total Opening Available | $3,315.76 |
| Interim Immediate | $50,000.00 |
| Interim One Day Float | $0.00 |
| Interim 2 + Day Float | $0.00 |
| Interim Ledger | $53,315.76 |
| Interim Available | $53,315.76 |

| Summary Totals | Totals |
|---|---|
| Total Credits | $50,000.00 (1) |
| Total Debits | $0.00 (0) |

| Date | Transaction Description | Debit | Credit | Availability | Bank Ref | Cust Ref | Transaction Details |
|---|---|---|---|---|---|---|---|
| Sep 16, 2021 | Miscellaneous Credit PC TRANSFER CREDIT | | $50,000.00 | 0 Day: $50,000.00 1 Day: $0.00 2 Plus Days: $0.00 | 0272500000 | | PC TRANSFER CREDIT |
| | **Total Debits And Credits:** | ($0.00) | $50,000.00 | | | | |
| | **Total Debit And Credit Items:** | 0 | 1 | | | | |