David L. Speckman, CSB 178180
SPECKMAN LAW FIRM
1350 Columbia Street, Suite 503
San Diego, California 92101
Telephone: (619)696-5151
Facsimile: (619) 696-5196
E-Mail: Speckmanandassociates@gmail.com

[Proposed] Attorney for Debtor and Debtor in Possession
POWAY PROPERTY, LP

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>POWAY PROPERTY, LP<br><br>                                    Debtor. | Case No. 21-03654-CL11<br>Chapter 11<br><br>**DEBTOR'S STATEMENT OF CASE STATUS RE POWAY PROPERTY, LP'S MOTION FOR ENTRY OF AN ORDER PURSUANTY TO 11 U.S.C §§ 105 AND 364 AUTHORIZING THE DEBTOR TO ONTAIN POSTPETITION SECURED FINANCING AND GRANTING RELATED RELIEF**<br><br>Date: November 22, 2021<br>Time: 3:00 p.m.<br>Dept. 5<br>Judge: Hon. Christopher B. Latham |

    POWAY PROPERTY, LP, the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 case, by and through undersigned counsel, hereby submits the following Statement of Case Status re Debtor's Motion for Entry Of An Order Pursuant to 11 U.S.C. §§ 105 And 364 Authorizing The Debtor To Obtain Post-petition Secured Financing And Granting Related Relief (herein "the Motion").

## DISCUSSION

Four oppositions and one joinder of opposition were filed in relation to the Motion. Substantive oppositions came from UC Poway Post Holders, LLC, Atlas Construction, Inc., Raymer Construction, Inc. and the California Statement Communities Development Authority ("CSCDA"). Debtor will quickly address each in reverse order … followed by a request that the matter be continued two weeks to **December 6, 2021**.

CSCDA oversees a program that makes money available to qualified developers in California. The terms of the program (called a PACE Program) provide that any money advanced to develop real property will be paid back at a relatively low interest rate through increased property taxes over a 30-year period, similar to a mello roos tax. CDCDA's main objection to the Motion is that the PACE Program obligation should not be primed by the requested DIP financing. To put CSCDA's mind at ease, Debtor does not seek to prime the PACE Program obligation, which will continue to enjoy the same priority status as a property tax.

Raymer Construction ("Raymer") opposes the Motion using California law and argues that its lien position should remain unchanged. Debtor submits that it has adequately addressed both the facts justifying the requested relief and the law supporting it.

Atlas Construction, Inc. ("Atlas") was a supplier to the now terminated general contractor. Atlas provided metal piers used in the construction of the subterranean foundation. While a significant amount of Atlas's material remains on site, much of it is no longer needed. Roughly a week ago, Atlas and Debtor met at the construction site to determine what material may presently be removed and what should remain onsite. The parties are working to still finalize this issue and determine a fair rental rate.

With this backdrop, Atlas opposes the Motion on the grounds that Debtor's budget does not provide it with a monthly payment. That is correct. Atlas is not a

secured creditor in this case (it attempted to record a mechanic's lien after the petition date) and, as pointed out in the opposition papers, it will enjoy an administrative claim for the rental value of the equipment. Atlas's situation in the case is different than those vendors Debtor seeks to pay with borrowed funds. If Debtor does not pay the company providing water filtration services or the companying supplying the generators used to power the water pumps, those venders would quickly remove their equipment from the job site. For better or worse, Atlas is not in a position to do the same. The Atlas equipment which is currently being used is effectively integrated into certain construction components and cannot be removed. Given this fact, Debtor does not see a legitimate business need to increase its DIP financing to pay an unsecured creditor which already enjoys an administrative claim.

That leaves the opposition of UC Poway Post Holders, LLC ("UC Poway"). UC Poway complains that Debtor did not lodge a full set of loan documents. This is correct. That Debtor did not include the PACE Program tax obligation in its budget. This too is correct. And that Debtor's operational budget is inadequate. This is incorrect.

What UC Poway does seem to acknowledge is that Debtor needs some cash to cover operational costs and the upcoming property tax installment. At present Debtor is exploring at a variety of options to address the tax issue, including a one-year deferment of the PACE Program obligation, a reallocation of the requested DIP financing to pay some or all of the December tax installment, and/or a possible arrangement with UC Poway. Debtor should have more clarity in the issue shortly.

From Debtor's perspective, the main challenge it faces on the Motion is the lack of finalized load documents. Debtor spoke with its proposed lender, Capital Bridge Partners ("CBP"), on Monday, November 15th concerning the issue. Debtor was advised that the CBP is still conducting its due diligence and would need a few more days to complete the process. So, it is suggested that the Motion be continued from

POWAY PROPERTY, LP'S STATEMENT OF CASE STATUS RE MOTION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 364 AUTHOIRZINF THE DEBTOR TO OBTAIN
POSTPETITION SECURED FINANCING AND GRANTING RELATED RELIEF

1  November 22, 2021 to December 6, 2021.  This two week continuance will give CBP
2  time to finalize the loan documents, which Debtor will promptly file and serve on all
3  interested parties.  As well, the additional time will give UC Poway and Debtor an
4  opportunity to explore some alternative options to DIP financing that may better serve
5  the estate and creditor body.

6  
7  Dated: November 15, 2021                                              By: /s/ David L. Speckman
                                                                               David L. Speckman